[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' DEFENDANTS' MOTION TO MODIFY, AND/ORDISSOLVE PREJUDGMENT REMEDY
Defendants Dugan's Restaurant Cafe, David Dugan and Alan Dugan seek to modify and/or dissolve a prejudgment remedy in the amount of $20,000, obtained by plaintiffs John Santopietro, Albert Santopietro and Salvadore Santopietro in an exparte manner under a waiver contained in the parties' commercial lease. The parties produced testimony and exhibits at the hearing held on May 1 and May 8, 1996. They submitted their well-written post-hearing briefs on MAY 22, 1996. The court has reviewed the evidence presented, as well as the points of law and the legal arguments of the parties.
It is clear beyond dispute that the plaintiffs have the burden of establishing probable cause as the predicate for a prejudgment remedy. "The hearing in probable cause for the . . . prejudgment remedy is not contemplated to be a full scale trial on the merits . . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to CT Page 4400 sustain the validity of the claim." Three S. Development Co. v.Santore, 193 Conn. 174, 175 (1984).
The plaintiffs claim that the defendants owe $17,500 as rent for the leased restaurant facility occupied by the defendants. The plaintiffs calculate this figure based upon the rate of $2,500 per months for the months of September 1995 through March of 1996. In addition to the rent, the plaintiffs claim $73.14 as an increase in taxes, plus the costs, including a reasonable attorney's fee relative to bringing this collection action. The plaintiffs acknowledge an offset in the amount of $1,410.43 due the defendants for the formers' error in collecting from them a higher real estate tax payment than was due.
The defendants counter the plaintiffs financial claims by asserting 1) that they did not understand the commercial waiver contained in their lease; 2) that the prejudgment remedy should be reduced by (a) their payment for repairs to the premises, including repairs to the lighting and heating system, and (b) by their loss of business due to the lack of heat in the premises during the winter months. The plaintiffs respond by avowing that the defendants are mature, intelligent individuals who are presumed competent enough to have understood the commercial waiver language in the lease.
As to any reduction in the prejudgment amount claimed, the plaintiffs contend that the language of paragraph 30 of attachment C of the lease stating that the tenant shall be responsible for all maintenance of the premises exclusive of the exterior roof and walls, fixes the obligation to repair the heating system and lighting upon the defendants. Thus, any bills for those repairs and or loss income resulting from the lack of heat must be borne by the defendants.
Mindful that ". . . the quantum of proof required for `probable cause' . . . is less than that imposed on a plaintiff in order to establish his case for a final judgment." Rzucidlo v.Newtown Realty, Inc., 30 Conn. Sup. 337 (1974); and further mindful that the hearing in probable cause is not contemplated to be a full trial of the plaintiffs' case, Three S. DevelopmentCo., supra, the Court finds, based upon the evidence presented at the hearing by the parties, including an evaluation of the witnesses' demeanor an credibility, that the plaintiffs have established probable cause for their claim for loss rental income, without adjustment for the defendants' claims. CT Page 4401
Based upon the evidence and argument presented by all parties, the Court finds that a prejudgment remedy in the amount of $18,000 is appropriate in this case. Accordingly, the court grants the defendants' motion to modify the prejudgment remedy but only to the extent of reducing it to $18,000.
Clarance J. Jones, Judge.